## Bible *v.* Centre Hall Borough, Appellant.

*Lease—Lease of water by borough—Representations—Agent.*

In an action to recover rental under a lease of all the water upon the land of the plaintiffs, an offer to prove representations on behalf of the plaintiffs that a particular spring was upon their tract, and that these representations which were false induced the contract, is insufficient, since the offer does not include any proposition to prove the authority to the alleged agent making such representations, save as they might appear by his own declarations.

*Mistake—Mutual mistake—Materiality—Contract.*

An act done or a contract made under a mistake of a material fact is voidable and relievable in equity; but the fact must be material to the act or contract, for though there may be an accidental mistake, or ignorance of the fact, yet if the act or contract is not materially affected by it, relief will not be granted.

In an action to recover rental under a lease of all the water upon the land of plaintiffs, where there is no reference in the lease to a particular spring, and it is undisputed that there are several sources of water supply upon the land, an offer to prove that a particular spring was believed by the defendant at the time the lease was made to be on the land of the plaintiffs, whereas it was upon another farm, is immaterial. In the first place the existence of the spring was not a fact upon which the contract by its terms in any way depended, and in the second place the offer as made did not disclose any mutual mistake.

Argued Nov. 8, 1901. Appeal, No. 218, Oct. T., 1901, by defendant, from judgment of C. P. Center Co., Aug. T., 1900, No. 278, on verdict for plaintiff in case of Lizzie Bible and Anna Bible v. The Borough of Center Hall. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for rentals under a lease of water. Before LOVE, P. J.

The facts are stated in the opinion of the Superior Court.

When W. F. Bradford, a witness for defendant, was on the stand, he was asked this question:

"Q. You live at Centre Hall? A. Yes, sir. Q. What is your official position? A. Agent for the railroad company. Q. Have you any municipal office at the present? A. Yes, sir. Q. What is it? A. President of the town council. Q. What po-

sition did you hold when this lease was made? A. Councilman at that time. Q. State whether or not before this lease was made, the council was shown this water. A. Yes, sir; the council was shown this water, and it was represented to them—"

Mr. Reeder: Hold on. Who showed it, first? A. The water was shown by Dr. Ryder.

" Q. (Mr. Orvis): As whose property? A. He represented it—"

Mr. Reeder: They can't show what representations Dr. Ryder made until they show he was our agent.

The Court: They can show that he pointed it out as the agent of these plaintiffs.

" Q. (Mr. Orvis): State what Mr. Ryder said as to who he represented in this matter."

Mr. Reeder: Counsel for the plaintiffs object to the question for the reason that it is incompetent to prove agency by the declarations of the agent. Second. Because it is not proper to show, or pertinent to show that Dr. Ryder was the agent of these plaintiffs or either of them.

The Court: We sustain the objection, exclude the evidence and seal a bill for the defendant. Defendant excepts and bill sealed. [1]

Mr. Orvis: Counsel for the defendant offers to prove by the witness on the stand, and other witnesses to follow, that before the execution of the lease upon which suit was brought that the council of the borough of Centre Hall sent a committee upon the ground to investigate the amount and location of the water supply. That the laurel spring near the roots of the birch tree, in the northeastern portion of the Bruss farm, was pointed out to them as being upon the Bible property; that John Ryder represented to the said committee that he knew that this particular spring was upon the Bible property and that he had been authorized by the owners of the Bible farm to show it to the committee; that the committee on that said visit discovered that said spring was ample and sufficient in quantity of water to supply the needs of the borough, and was so located upon the mountain side as to afford sufficient elevation to run the same through its pipes to the borough reservoir. That no other water upon the farm was sufficient in quantity or had sufficient elevation to be of any utility or value to the

said borough.   That subsequent and continuously, as far as the borough knew, the plaintiffs contended and represented that the said spring belonged to their property; and that the first two annual payments of rent were made by the borough upon the belief of the said borough that the said water did belong to the plaintiffs.   That at the time of the laying of the pipe by the borough to the said spring one of the plaintiffs again gave notice that the said spring and the water flowing therefrom belonged to them, the plaintiffs, and again required the borough to comply with the terms of the lease.   That the said lease was executed by the said borough on the belief that the said water, or spring, belonged to the plaintiffs, and the said lease was executed with the belief that the borough was purchasing the said water from the said plaintiffs, and was not entered into by the borough for any other reason or upon any other consideration.   That subsequent to the payment of the first two annual rentals due under the lease the borough was notified by Samuel Bruss that the water and the spring, or the laurel spring, was situated upon the Bruss farm and not upon the Bible farm, and that the borough must pay him for the same.   That subsequently the borough had surveyors go upon the ground and discovered that the claim of Mr. Bruss was correct and that all the water they were using, and the spring itself, was upon the Bruss farm and not upon the Bible.   And that the borough of Centre Hall is not using any water from the Bible farm nor intend to.

Mr. Reeder: To this offer counsel for the plaintiffs object for the following reasons:

1. Because it is proposed to offer evidence of the declarations of John Ryder when it is not offered to show that he was authorized to act as agent for the plaintiffs or either of them.

2. It is objected to because it is an offer to prove agency by declarations of the alleged agent.

3. It is objected to because the evidence as to what the borough was obliged to do or what it was obliged to pay to Samuel Bruss is irrelevant, inadmissible and immaterial.

4. Because the offer as a whole is incompetent, irrelevant and inadmissible in this action.

5. Because it is virtually an attempt on the part of the defendant in this case to absolutely abrogate and set aside a con-

tract made between the plaintiffs and defendant, and the evidence offered for that purpose is clearly incompetent, irrelevant and inadmissible.

The Court: We will sustain the objection, overrule the offer and exclude the evidence, and seal a bill for the defendant. [2]

The court charged as follows:

This is an action brought by Lizzie Bible and Anna Bible against the borough of Centre Hall to recover for one year's rent by virtue of a lease which was duly executed and entered into between them for the sum of $50.00; and also for damages resulting from the failure on the part of the borough to put down certain water pipes.  The same evidence is sought to be offered by the borough in defense of the whole of this claim, and according to our present views of the law we hardly think it is a competent defense in this present form of action; and, therefore, we have excluded it.  But we will have time hereafter to give it further consideration.  And, as they have agreed upon the amount of the claim, including the year's rent, and damages for not putting down the pipes—that is, $149.25—we instruct you for the present to render a verdict in favor of the plaintiffs for the sum of $149.25.] [3]

Verdict and judgment for plaintiff for $149.25.  Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) charge of the court, quoting it.

*Ellis L. Orvis,* with him *Calvin M. Bower,* for appellants, cited on the question of mistake: Tenbrooke v. Jahke, 77 Pa. 392; Rodgers v. Olshoffsky, 110 Pa. 147; Blygh v. Samson, 137 Pa. 368; Mays v. Dwight, 82 Pa. 462; Riegel v. American Life Ins. Co., 140 Pa. 193; Goettel v. Sage, 117 Pa. 298; Wilson's App., 109 Pa. 606.

*Harry Keller,* with him *Wilbur F. Reeder* and *Henry C. Quigley,* for appellees, cited on the question of mistake: Fink v. Farmers' Bank, 178 Pa. 154; Babcock v. Day, 104 Pa. 4; DuBois Boro. v. DuBois City Water Works Co., 176 Pa. 430.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

On September 13, 1897, the plaintiffs entered into a written agreement with the borough of Centre Hall whereby the said borough acquired "the right to take all the water and to exclusively appropriate the same (save as hereinafter excepted and reserved) upon all that certain tract and piece of land situate in Potter township, Centre County, Pa.," accurately described by adjoiners and containing seventy-six acres, more or less. For this right the borough agreed to pay a rental of $50.00 per year for five years, and thereafter of $75.00 per year for the balance of a term of ninety-nine years. In addition to the payment of this sum the borough agreed to build a reservoir for the use of the plaintiffs, and to lay certain pipes, etc. For two years the borough paid the sum of $50.00 in advance under the agreement. It refused to pay the third year, and refused to lay pipes and make the other constructions as agreed. The plaintiffs now sue for the rent for the third year and for damages for the failure to put down the pipes. The amount in dispute was agreed by the parties to be $149.25.

At the trial the plaintiffs proved the agreement; the failure to pay the rent and to make the constructions contracted for; and that the defendant had laid pipes on an adjoining farm, taking water therefrom, and by means of ditches and pipes had, without entering upon the plaintiffs' property, abstracted water therefrom. The defendant borough by some indefinite testimony, challenged the allegation that water was taken from the plaintiffs' farm. This phase of the case is unimportant to its present determination.

The defendant then offered to prove that anterior to the lease or agreement a committee of the borough council investigated the amount and location of the water on the plaintiffs' property; that a spring, called by the defendant the Laurel spring, was pointed out by some one as upon the plaintiffs' property; that one, Ryder (a member of the council), "represented to the said committee that he knew that this particular spring was upon the Bible property, and that he had been authorized by the owners of the Bible farm to show it to the committee;" that no other water upon the farm was sufficient in quantity and elevation to be of value to the borough; that the plaintiffs contended and represented, "so far as the borough

knew," that the said spring belonged to their property; that the first two annual payments of rent were made upon the belief by the borough that the said spring belonged to the plaintiffs; that at the time of laying the pipes to the said spring one of the plaintiffs gave notice that the spring and the water therefrom belonged to the plaintiffs, and required the borough to comply with the lease; that the lease was executed by the borough on the belief that the said water and spring belonged to the plaintiffs and that the borough was purchasing the said water from the plaintiffs, and that the contract was not entered into by the borough for any other reason or upon any other condition; that subsequent to the payments of rent the borough was notified by one, Bruss, that the water and the spring were upon the Bruss farm, and that the borough must pay him; that subsequently the borough by survey discovered that the claim of Bruss was correct; and that the borough is "not using any water from the Bible farm, nor intend to." This offer was excluded. As no further evidence was submitted, the court directed a verdict for the plaintiffs. The exclusion of the offer and the directed verdict are the bases of complaint here. If the offer was properly excluded there was no course open to the court but to direct a verdict. The question is narrowed then to the ruling upon the offer.

The first item of the offer is seen to be to prove representations on behalf of the plaintiffs that a particular spring was upon their tract and that these representations induced the contract. But the offer does not include any proposition to prove the authority to the alleged agent making such representations, save as they might appear by his own declarations. Enough on this point. The appellant construes the balance of the offer to be to prove a mutual mistake of fact at the execution of the contract by reason whereof the contract should be rescinded. The mistake alleged is, that the spring (called by the appellant the Laurel spring) was upon the Bible farm, whereas it was upon the Bruss farm. The general rule is that an act done or a contract made under a mistake of a material fact, is voidable and relievable in equity. But the fact must be material to the act or contract, "for though there may be an accidental mistake, or ignorance of the fact, yet if the act or contract is not materially affected by it, relief will not be granted: "

Riegal v. American Life Ins. Co., 153 Pa. 147.   Assuming that such a mistake, relievable in equity, is admissible as matter of defense in a common-law action, the defendant does not explicitly offer to prove a mutual mistake.   Furthermore, the evidence for the plaintiffs showed in effect that the spring (called by the defendant the Laurel spring) was not upon their property ; that they knew of no spring by that name, and that they had never represented or asserted that the spring described by the defendant was upon their property.   This the offer does not in terms propose to contradict.   Again, the contract which the defendant executed and now desires to rescind, itself does not purport to be a lease of any particular spring.   The existence of the spring described by the defendant is not a fact upon which the contract by its terms in any way depends.   The language is general.   The lease is of all the water upon the land of the plaintiffs, and, as appears by all of the testimony, there are several sources of water supply upon the land.   As the mistake offered to be proven is not of a fact which one of the parties asserted, believed or assumed when the contract was made, mutuality is absent.   As it is of a fact not material to, or of the essence of, the contract executed, another defect, equally fatal, appears in the offer.   The proposition in this case is rather to prove a mistake made by the borough than a mistake common to both contracting parties.   Had the learned trial judge given some intimation of the reasons which induced his action taken in this case, we would have experienced less labor in its review. Whatever his reasons, he reached a right result.

The judgment is affirmed.