# Penn Furniture Company *v.* Lumbermen's Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Reduced rate average clause—Mistake—Equity.*

1. Where a policy of fire insurance contains a reduced rate average clause, and a policy on the same premises in another company provides that the company issuing the policy shall have the benefit of any such clause, in other policies, and it appears that the reduced rate average clause had been inserted in the first policy by mistake, and after a fire the policy had been reformed by a court of equity so as to exclude the clause, and it also appears that before such reformation the second company had settled with the insured under the mutual mistake that the clause in the other policy was valid, the second company cannot rely upon such settlement as conclusive, but will be bound, after the policy has been reformed, to pay to the insured an amount in addition sufficient to make up its full share of the loss.

2. A receipt in full is prima facie, but not conclusive evidence of a settlement, and it may be attacked on the ground of fraud, mistake or ignorance of the legal rights of the party who gave it.

3. A contract is void if it relates to a subject matter contemplated by the parties as existing at the time the contract was made, but which in fact did not exist.

4. Where a court of equity is asked to reform the written evidence of a contract, the mistake must be mutual.

Argued April 10, 1911. Appeal, No. 121, April T., 1911, by defendant, from judgment of C. P. Crawford Co., May T., 1910, No. 26, for plaintiff on case stated in suit

78 PENN F. CO. *v.* L. MUT. FIRE INS. CO., Appellant.

of Penn Furniture Company v. Lumbermen's Mutual Fire Insurance Company of Mansfield, Ohio.   Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Case stated to determine liability under policy of fire insurance.   Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*F. J. Thomas* of *Thomas & Thomas*, for appellant.— The provisions of the policy as to conditions of average and coinsurance in other policies is binding upon the parties, and plaintiff cannot avoid same by averring ignorance or mistake on its part due wholly to its own negligence: Hench v. Agricultural Ins. Co., 122 Pa. 128; Penna. Mut. Fire Ins. Co. v. Schmidt, 119 Pa. 449; Coal Co. v. Insurance Company, 13 Pa. Superior Ct. 626; McClure v. Watertown Fire Ins. Co., 90 Pa. 277; Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270; Diehl v. Adams Co. Mut. Ins. Co., 58 Pa. 443; Long v. Beeber, Receiver Lycoming Fire Ins. Co., 106 Pa. 466; McCurdy v. Orient Ins. Co., 30 Pa. Superior Ct. 77; Trustees of Fire Assn. of Phila. v. Williamson, 26 Pa. 196; Grymes v. Sanders, 93 U. S. 55; Gailey v. New Castle Elastic Pulp Plaster Co., 34 Pa. Superior Ct. 533; Youngstown Electric Light Co. v. Poor Dist., 21 Pa. Superior Ct. 95; Dambmann v. Schulting, 75 N. Y. 55; Cooper v. Fire Ins. Co., 50 Pa. 299; Boyce v. Fire Ins. Co., 24 Pa. Superior Ct., 589; Coppes v. Keystone Paint & Filler Co., 36 Pa. Superior Ct. 38.

There was an adjustment of the rights and obligations of the parties to this policy which is conclusive: Todd v. Ins. Co., 9 Pa. Superior Ct. 371; Blackmer v. Wright, 12 Vt. 377; Chicago & N. W. Ry. Co. v. Wilcox, 116 Fed. Repr. 913; Wagner v. Ins. Co., 143 Pa. 338; Hennessy v.

Bacon, 137 U. S. 78 (11 Sup. Ct. Repr. 17); Hager v. Thomson, 66 U. S. 80; De Arnaud v. United States, 151 U. S. 483 (14 Sup. Ct. Repr. 374); Riegel v. Ins. Co., 140 Pa. 193.

The reformation of the policy of The Liberty Mutual Fire Insurance Company cannot affect the rights of defendant as to any contract relations between the parties prior to the date of such reformation: Wheeler v. Kirtland, 23 N. J. Eq. 13; Clements v. Noble, 40 Ohio St. 41; Thorniley v. Peters, 26 Ohio St. 471; Trustees of Schools v. Otis, 85 Ill. 179.

*E Lowry. Humes*, for appellee.—The settlement was not conclusive: Fowler v. Smith, 153 Pa. 639; Belt v. Ins. Co., 143 N. Y. 624 (43 N..E. Repr. 64); Mechanics' Bank of Harrisburg v. Huston, 11 W. N. C. 389; Brockley v. Brockley, 122 Pa. 1; Martin v. Frantz, 127 Pa. 389; Goldstrohm v. Stinner, 155 Pa. 28; Tyler v. Mut. Relief Assn., 13 N. E. Repr. 360; Perkins v. Lockwood, 100 Mass. 249; Hamsher v. Kline, 57 Pa. 397; Horton's App., 38 Pa. 294; Hayes v. Ins. Co., 125 Ill. 626 (18 N. E. Repr. 322); Fire Ins. Assn. Ltd. v. Wickham, 141 U. S. 564 (12 Sup. Ct. Repr. 84).

OPINION BY ORLADY, J., May 11, 1911:

A judgment for $300.34 was entered in the court below on a case stated, and from that judgment the defendant has appealed to this court. While the transaction was clouded with mutual errors in its earlier stages, the controlling facts are made free from doubt by the agreement of counsel. The plaintiff company suffered a partial loss by fire on certain property covered by insurance in several companies. The adjusters who represented the insurance companies, met the manager of the plaintiff company and after a full and fair consultation it was agreed that the total valid insurance on the property was $12,500 and the actual loss sustained was $5,977.40.

So far as this defendant was concerned, its proportion

of the loss was there determined to be $644.45. There was no controversy in regard to the loss being an honest one, and the adjusters fairly ascertained the amounts the several companies were liable to pay. Pursuant to the conclusion then reached, proofs of loss were prepared and accepted by the companies, as being sufficient in form and correct in amount.

The question involved in the case before us arises by reason of the existence or nonexistence of a clause in a policy issued by another company. It appears that on August 6, 1908, The Liberty Mutual Fire Insurance Company of Philadelphia had issued a policy covering the same risk, and its policy contained a reduced rate average clause, which stipulated that it should be liable for no greater proportion of any loss "than the amount insured bears to 80 per cent of the actual cash value of the property described, when such loss shall happen, nor for more than the proportion which this policy bears to the total insurance thereon."

The policy of the defendant company provides that "If any policy in any other company covering the described property shall contain any conditions of average or coinsurance, this policy shall be subject to the conditions of average and coinsurance in like manner."

It is agreed further, that the reduced rate average clause in The Liberty Mutual Insurance Company policy was included by a mistake of the company issuing that policy, and that that mistake was corrected in a proceeding in equity in the court of common pleas of Crawford County, and that policy was reformed by striking out the eighty per cent reduced rate average clause, and the decree so made was affirmed on an appeal to this court. See 42 Pa. Superior Ct. 591.

While the parties were together, soon after the fire and while both were under the impression that the eighty per cent reduced rate average clause was in full force and effect, the defendant company claimed the benefit of that clause. The amount for which it would be liable, without

said clause, to wit: $644.45 was then reduced on account of that clause to $344.11. This amount so determined was on April 20, 1909, paid by the defendant company to the plaintiff, and its receipt taken therefor; in consideration thereof the policy was canceled and surrendered, and the company forever released from all further liability.

The reformation of The Liberty Mutual Company policy was effected subsequent to the adjustment of the loss, and the amount fixed by the adjustment, while it was believed by both parties at the time it was ascertained to be true and correct, was in fact an error based on an honest mutual mistake of both parties. Had the whole truth been then known the amount due to the plaintiff would have been increased $300.34, and to recover that amount, this suit was brought.

The defendant urges that the plaintiff is bound by the settlement because the mistake was due to its negligence in not having The Liberty Mutual policy reformed prior to the fire, but that contention was sufficiently answered in the equity proceedings, in which it was shown that this plaintiff was not negligent in asserting its rights. This defendant was not in any way injured by that mistake. It paid no money that it did not admit owing. The loss was an honest one, and this defendant ought to pay its fair proportion. The fact that it paid less should not be ground of complaint. Its inquiry should now be, how much should it have paid at that time?

There was no attempt to mislead the adjusters or suppress the truth. The mistake was so manifest, and the diligence of this plaintiff was so apparent, that the company originally affected by the eighty per cent clause and which knew all of the facts relating to it, accepted as correct and final the action of the court which struck the clause from its policy.

It is a settled rule in equity that where the court is asked to reform the written evidence of a contract, the mistake must be mutual. A court of equity has not power to reform an agreement; it can only correct the

written evidence of the agreement to make it correspond with the understanding of the parties: Boyce v. Fire Ins. Co., 24 Pa. Superior Ct. 589.

By due legal proceedings, it was decreed that the eighty per cent clause should not have been in The Liberty Mutual policy at the time of the fire, and when the parties to this case dealt with it as an existing and controlling fact, it acted upon an erroneous assumption that something existed which in truth did not exist. The effect to be given to the mutual adoption of a material fact as a basis of settlement, where it is afterwards found that the fact adopted as true did not exist, is fully considered and disposed of in Riegel v. Ins. Co., 140 Pa. 193. In that, as in this case, the defendant company parted with nothing, the plaintiff secured nothing, the whole transaction was founded upon a mistake, and the contention of this defendant means that it seeks to retain money, which if it had known the truth, it would willingly have paid to the plaintiff, and, as in this case, the settlement arrived at by the adjusters was not in the nature of a compromise of a doubtful claim, but an agreement made under the influence of a mutual mistake of facts: Riegel v. Ins. Co., 153 Pa. 134. A contract is void if it relates to a subject-matter contemplated by the parties as existing at the time the contract was made, but which in fact did not exist: Bible v. Center Hall Boro., 19 Pa. Superior Ct. 136.

In this case there was no dispute in regard to any fact, there was no unliquidated or contested claim. Had it been a fact that the policy of The Liberty Mutual Company contained an eighty per cent clause, the undisputed and liquidated claim against this defendant would be $344.41; without that clause the amount for which it admitted its liability would be fixed with equal certainty at $644.45. So that the payment of the $344.41 was not a compromise of any fact in dispute, but was a payment based on "an erroneous assumption of a fact which did not exist:" Brockley v. Brockley, 122 Pa. 1; Goldstrohm v. Stinner, 155 Pa. 28. Nor in the adjustment and settlement was

there any question of costs, delay or risk incident to or expense of litigation. Nothing was disputed or contested, no right was surrendered. In perfect good faith the parties met and dealt as honest men. The error could not be charged to either; as neither intended or designed it, neither should suffer by reason of it as the mistake being a mutual one, each should be anxious to correct it.

The reason that payment of money in discharge of a larger amount presently due is not a good accord and satisfaction, is, that the debtor gives nothing he was not already bound to give, and the creditor receives nothing he is not already entitled to receive, and there is therefore no consideration: Fowler v. Smith, 153 Pa. 639.

A receipt in full is prima facie, but not conclusive evidence of a settlement, but it may be attacked on the ground of fraud, mistake or ignorance of the legal rights of the party who gave it: Hamsher v. Kline, 57 Pa. 397; Lebanon Mut. Ins. Co. v. Kepler, 106 Pa. 28; Eshelman's Estate, 143 Pa. 24; Sargeant v. Ins. Co., 189 Pa. 341; Fire Ins. Assn., Ltd., v. Wickham, 141 U. S. 564.

The opinion of the learned judge in entering the judgment in the case stated fully sustains his conclusion, and the judgment so entered is affirmed.