Opinion by
Orlady, J.,
This action of trespass has been tried three times in the court below, the first trial resulted in a verdict in favor of the husband and wife of $2,800; the second $3,415.68, and the present one $2,185. A new trial was granted in the two first cases for the reason that the trial judge was of the opinion that the verdicts were excessive and against the weight of the evidence, and refused this time because “no matter how often the case might be tried, it will always be a question for the jury, and the probabilities are that another trial would result in another verdict for the plaintiff.”
In Kohler v. Penna. R. R. Co., 135 Pa. 346, the rule to be followed in such cases is stated as follows: “The remedy for a perverse verdict, or one against the weight of the evidence, is to set it aside and grant a new trial, a remedy which we take occasion to say should be freely and firmly exercised, especially in those classes of cases which are apt to be affected by local or narrow views and interests or by popular sympathies or prejudices,” — and the duty of the appellate court is declared in Smith v. Times Pub. Co., 178 Pa. 481, as follows: “Where there is an allegation of the court’s abuse of its discretionary powers in passing upon an application for a new trial, the court will inquire into the facts, and if it clearly appears that the discretion has been abused, the improper action below will be reviewed and the wrong done corrected.” After a careful examination of all the testimony we fail to find any abuse of discretion in the action of the court below.
The one fact in dispute was in regard to the condition of affairs when the plaintiff received her injuries — Was the car from which she was alighting in motion, so as to convict her of contributory negligence in attempting to get off? Many witnesses in the car and on the street testified that it was in motion when she either fell, jumped or stepped off. The plaintiff and two other eyewitnesses were subjected to a prolonged and severe examination, *27 Their testimony was direct and positive, that the plaintiff stood up in the car and signaled to the conductor to stop the car; that he promptly rang the bell and the car came to a full stop. When the plaintiff passed in front of another passenger, and when in the act of stepping down to the running board to alight from the car, it started suddenly, with a quick jerk, and she was thrown to the ground. In this statement she was expressly corroborated by her two witnesses who intended to alight from the car at the same time, and who, after getting up from their seats for that purpose were violently thrown back by the unexpected and sudden starting of the car. This testimony made it a case for the jury notwithstanding the number of witnesess who contradicted them. The attack on their narrative failed, and three juries have now recorded their belief in the plaintiff’s testimony. True it is, that a perverse verdict should be set aside regardless of the number of trials, until justice is done, but a trial judge is not to disregard the analysis of the testimony of juries simply because the amount of the verdict is not in accord with his personal views.
It is the special function of the jury to fix the amount of the plaintiff’s damages, if under the law he is entitled to recover any. The preponderance of evidence is not to be determined solely from the number of the witnesses, and it is the peculiar province of the jury to determine the credibility of the witnesses and weigh the evidence. A verdict will not be set aside merely because the court, if trying the question of fact would have found differently. It must be manifestly and palpably wrong to justify a new trial. After a fair trial it should be sustained if it is warranted by any fair construction of the evidence, and after concurrent verdicts have established the plaintiff’s right to recover, the trial court is loth to continue the controversy merely to assess the amount of damages founded on contradictory testimony, particularly so, when it does not clearly appear that another trial would produce a substantially different result.
*28 The second assignment urges that the charge of the court was inadequate, misleading and minimized the evidence as to the extent of the injury. This criticism is evidently founded in the zeal of counsel in presenting the defendants’ theory of the character of the injury and the probable results in after life. Plaintiff’s witnesses contended that there was a fracture at the base of the skull, and the defendants’ that there was but a concussion of the brain. The jury was the tribunal to settle that complicated question, and each side would doubtless admit that an autopsy would be the only absolute test of the accuracy of the respective theories. This character of testimony was admitted for the purpose of “enabling the jury to determine, together with all the other evidence in the case, the nature and extent of the injuries, if they came to the consideration of the question of damages.”
The charge of the court while of unusual length was a painstaking review of the testimony, and the disputed facts were fairly submitted. The assignments of error are overruled and the judgment is affirmed.'