## Kramer v. Linder.

*Evidence—Witnesses—Number—Credibility—Jury—New trial.*

1. A verdict cannot be based upon the number of witnesses sworn.
2. It is the peculiar province of the jury to determine the credibility of witnesses and weigh their evidence.
3. In a suit by a nurse for services, where plaintiff swears to a contract and defendant and his daughter deny the existence of a contract, and there is no other evidence on the subject, a verdict for the plaintiff will not be set aside.

Rule for new trial. C. P. Snyder Co., June T., 1925, No. 150.

*A. F. Gilbert,* for plaintiff; *C. P. Ulrich,* for defendant.

POTTER, P. J., April 15, 1926.—The plaintiff, who is a professional nurse, was engaged by the defendant to nurse his wife, who was sick and confined to her bed with cancer. The plaintiff nursed this patient for a period of eleven weeks, when her patient died. The plaintiff then presented a bill for a balance due her, as she alleges, of $205, with interest, payment of which was refused, hence this suit.

The plaintiff was the only witness in her behalf, and by her testimony set up a contract for her services at $25 per week, or a total of $275. The defendant and his daughter, a girl barely out of her teens, were the only witnesses

Kramer *v.* Linder.

on behalf of the defendant, who set up a denial of any contract, and claimed the plaintiff was a relative of his wife and that she had come to his home to nurse the wife out of a spirit of sympathy and for any small sums the defendant might from time to time see fit to give her; and in this he was corroborated by his daughter.

The jury saw fit to return a verdict in favor of the plaintiff for the sum of $219.83, all of this sum over $205 being for accrued interest.

Reasons for a new trial were filed, the following one being relied upon, the other one being abandoned, as stated by counsel at the argument, to wit: "The evidence on behalf of the plaintiff does not by its preponderance prove any contract on behalf of the defendant."

The plaintiff swore there was a contract for $25 a week. The defendant swore there was not, and in this is corroborated by his daughter, although, unless she was continually by the side of her father, we fail to see how she can swear that he made no contract with the plaintiff, and we have no testimony tending to show that she was. In fact, it is highly probable that she was not. Thus we have one affirmative oath and two negative ones. This testimony was submitted to the jury, and they saw fit, in their high prerogative, to accept the testimony of the plaintiff and to reject that of the defendant, which it was within their power to do.

A verdict cannot be based upon the number of witnesses sworn, but it is to be founded upon their credibility, of which the jury are the sole judges. If the number of witnesses was the controlling factor in the rendition of a verdict, then we might, and in all probability would, have a court-house full of witnesses in every case, and each litigant would endeavor to call and swear the greatest number, in which case trials in court would become a travestry on justice and a mockery. If that were the case, then he who could produce the greatest number of witnesses would win and a wonderful incentive to bribe witnesses would prevail. The number of witnesses called and sworn does not control the verdict. The question for the jury is not on which side are the witnesses most numerous, but what testimony do you believe (Braunschweiger *v.* Waits, 179 Pa. 47, 51), and the preponderance of evidence is not to be determined solely by the number of witnesses. It is the peculiar province of the jury to determine the credibility of the witnesses and weigh the evidence: Douds *v.* Traction Co., 51 Pa. Superior Ct. 24, 27; Goldstrohm *v.* Stinner, 155 Pa. 28. The degree of the weight to be given the testimony of each witness is for the jury, not for the court: Ott *v.* Oyer's Executrix, 106 Pa. 6.

Other cases can be cited supporting this same legal principle which we deem not necessary.

In conclusion, we can only say that the jury are the sole judges of the credibility of witnesses, and in passing upon such credibility they are required to take into consideration the demeanor of the witness upon the witness-stand, the probability of his testimony as being true or not, and the interest he may have in the ultimate outcome of the suit. And in this respect they can, if they think proper and just, reject the testimony of the many and accept that of the few. With this as the law, and as our view of the law, we see no legal reason why we should disturb the verdict as rendered in this case.

We think the question involved in the reason for a new trial was wholly one of credibility; wholly for the jury to pass upon. They have passed upon it and that should be sufficient.

And now, to wit, April 15, 1926, the reasons assigned for a new trial are dismissed, and it is directed that judgment be entered upon the verdict rendered upon the compliance with the usual legal requisites.